UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No: 23-cv-745-WWB-LHP

QAMAR LEWIS and REGINALD
MARSHALL-HOWARD

   Plaintiff,

     v.

OPG SECURITY LLC

   Defendants,
_____/

## PLAINTIFF'S MOTION FOR LEAVE TO WITHDRAW THE MOTION FOR DEFAULT AND ADDITONAL TIME TO PERFECT SERVICE

Plaintiffs, QAMAR LEWIS and REGINALD MARSHALL HOWARD ("Plaintiff"), through the undersigned counsel, pursuant to Local Rule 3.01, moves for leave to withdraw their motion for default judgement, and additional time to attempt to perfect service in his case, and in support states as follows:

1. On April 24, 2023, Plaintiffs filed their operative Complaint alleging violations of the overtime provision of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act"). [D.E. 1].

1

2. Federal Rule of Civil Procedure 4(m) provides, "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

3. Accordingly, the Defendant was to be served on, or before, July 24, 2023.[1]

4. After numerous attempts service was completed on, or about July 7, 2023, by "delivering a copy of the SUMMONS AND COMPLAINT to: Jane Doe, a person in charge of the recipient's PRIVATE MAILBOX location at the address of 111 N. Orange Ave, Suite 800, Orlando, FL 32801." *See* ROS attached hereto as exhibit A.

5. "In Florida, domestic corporations and foreign corporations qualified to do business in the state are required to designate a registered agent and a registered office." *TID Servs., Inc. v. Dass*, 65 So. 3d 1, 5 (Fla. Dist. Ct. App. 2010) (*citing* Fla. Stat. §§ 48.091, 607.0501, 607.1507).

6. The Florida Division of Corporations' website ("Sunbiz") is the "[s]tate's central location for filing business entities, trade and service marks,

---

[1] Ninety-days from the date of the Complaint is July 23, 2023, but since it falls on a weekend the deadline is Monday, July 24, 2023

fictitious name registrations, judgment and federal tax liens, UCC financing statements, and notary commissions and apostilles."

7. Pursuant to the Defendant's filing with Sunbiz 111 N. Orange Ave, Suite 800, Orlando, FL 32801 is Defendant's principal address, mailing address, and location of registered agent Duane S. Broom II.  *See* Exhibit B.

8. Mr. Broom is also listed as Defendant's manager.

9. Defendant's website also list 111 N. Orange Ave, Suite 800, Orlando, FL 32801 as its primary address. See https://opgsecurity.com.

10. However, an internet search reveals that 111 N. Orange Ave, Suite 800, Orlando, FL 32801 is a shared office space operated by Regus that offers office space, meeting rooms, and virtual offices.

11. Fla. Stat. Ann. § 48.081 provide in relevant part:

A domestic corporation or registered foreign corporation may be served with process required or authorized by law by service on its registered agent designated by the corporation under chapter 607 or chapter 617, as applicable. If service cannot be made on a registered agent of the domestic corporation or registered foreign corporation because the domestic corporation or registered foreign corporation ceases to have a registered agent, or if the registered agent of the domestic corporation or registered foreign corporation cannot otherwise be served after one good faith attempt because of a failure to comply with this chapter, chapter 607, or chapter 617, as applicable, the process may be served on either of the following:

> (a) The chair of the board of directors, the president, any vice president, the secretary, or the treasurer of the domestic corporation or registered foreign corporation.
>
> (b) Any person listed publicly by the domestic corporation or registered foreign corporation on its latest annual report, as most recently amended.

12. Further, Fla. Stat. Ann. § 48.031 (6)(a) provides that "[i]f the only address for a person to be served which is discoverable through public records is a private mailbox, a virtual office, or an executive office or mini suite, substituted service may be made by leaving a copy of the process with the person in charge of the private mailbox, virtual office, or executive office or mini suite, but only if the process server determines that the person to be served maintains a mailbox, a virtual office, or an executive office or mini suite at that location."

13. Pursuant to the above statutes and the fact that Defendant has listed the same virtual office as its mailing address, principal address, and the location of its registered agent. Plaintiffs may be able to properly effectuate service by serving the person in charge of the private mailbox.

14. However, Plaintiffs concede they have not met all of the prerequisites to perfect service in this manner.

15. "In order to perfect service of process on [a] corporation by

serving the person in charge of a mailbox store, Plaintiff must establish that certain conditions exist. Plaintiff must show (1) that the address of record of the corporation's officers, directors, registered agent and principal place of business was a private mailbox, (2) that the only address discoverable through public records for the corporation, its officers, directors, or registered agent was a private mailbox, and (3) that the process server properly determined that the corporation, or its officer, director, or registered agent maintains a mailbox at that location prior to serving the person in charge." *TID Servs., Inc. v. Dass*, 65 So. 3d 1 at 7 (*citing Cruz v. Petty Transp., LLC,* No. 6:08–cv–498–Orl–22KRS, 2008 WL 4059828, at *1 (M.D.Fla. Aug.27, 2008); *see also Clauro Enters., Inc. v. Aragon Galiano Holdings, LLC,* 16 So.3d 1009, 1012 (Fla. 3d DCA 2009) (outlining the conditions under which service at a private mailbox under section 48.031(6) is permitted)).

16. Plaintiffs have satisfied the first and third precondition, but have not yet determined that the only address discoverable through public records for the Defendant or Mr. Brown was the private mailbox.

17. "The statutes regarding service of process on corporations 'must be strictly construed and strictly complied with.'" *Winmark Corp. v. Brenoby Sports, Inc.*, No. 13-CIV-62697-SCOLA/VALLE, 2014 WL 11706427, at *2 (S.D. Fla. May 30, 2014) (quoting *Lisa, S.A. v. Gutierrez*, 806 So. 2d 557, 559 (Fla.

5

App. Ct. 2002)).

18.  Accordingly, Plaintiffs request leave to withdraw their motion for Clerk's default and for an additional forty-five (45) days to search the public records to determine if Defendant and/or Mr. Brown can be served at an alternate address, and to perfect service.

19.  Within that additional 45-day period Plaintiffs will either serve Defendant at an alternate or will be able to satisfy all three preconditions for service at Defendant's private mailbox

20.  This motion is filed in good faith, for good cause, and not for the purpose of delay.

21.  No party will be prejudiced by the granting of this motion.

**WHEREFORE,** Plaintiffs requests leave to withdraw their motion for Clerk's default and for an additional forty-five (45) days to search the public records to determine if Defendant and/or Mr. Bown can be served at an alternate address, and to perfect service.

Dated: August 22, 2023.

>  Respectfully submitted,
>
>  **s/Brandon Gibson**
>  Brandon Gibson (FBN: 99411)
>  E-mail: bgibson@rtrlaw.com
>  RTRLAW
>  3333 W. Commercial Blvd, Ste. 200

Ft. Lauderdale, Florida 33309
Telephone: (954) 370-5152
Facsimile: (954) 370-1992
*Counsel for Plaintiff(s)*

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/ **Brandon J. Gibson**

## SERVICE LIST
### QAMAR LEWIS, et al. v. OPG SECURITY LLC
Case No.: 23-cv-745-WWB-LHP
United States District Court, Middle District of Florida

Brandon J. Gibson
E-Mail: bgibson@rtrlaw.com
RTRLAW
3333 W. Commercial Blvd, Ste. 200
Ft. Lauderdale, Florida 33309
Telephone: (954) 370-5152
Facsimile: (954) 370-1992
*Counsel for Plaintiff*