UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No: 23-cv-745-WWB-LHP

QAMAR LEWIS and REGINALD
MARSHALL-HOWARD

    Plaintiff,

       v.

OPG SECURITY LLC and
DUANE S. BROOM II
    Defendants,
_____/

## AMENDED COMPLAINT

Plaintiffs, QAMAR LEWIS and REGINALD MARSHALL-HOWARD (Collectively the "Plaintiffs"), sue the Defendants, OPG SECURITY LLC., and DUANE S. BROOM II (collectively the "Defendant") and alleges:

1. This is an action to recover money damages for unpaid overtime under the laws of the United States.

2. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

3. Defendant, OPG SECURITY LLC is Florida Limited Liability corporation which at all times relevant to this Complaint had its main place of

business in Orange County, Florida, and at all times material hereto was engaged in interstate commerce.

4. Plaintiff, QAMAR LEWIS ("Lewis") is a resident of Seminole County, Florida, and is within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

5. Plaintiff, REGINALD MARSHALL-HOWARD ("Marshall-Howard") is a resident of Orange County, Florida, and is within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

6. During their employment with Defendant Plaintiffs' primary place of work was in Orange County Florida, within the jurisdiction of this Honorable Court.

7. The acts or omissions giving rise to this Complaint occurred in whole or in part in Orange County, Florida.

8. Plaintiffs have retained the undersigned attorneys to represent them in this action and are obligated to pay a reasonable attorneys' fee.

## GENERAL ALLEGATIONS

9. This action is brought by Plaintiff to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states,

"No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

10. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

11. By reason of the foregoing, Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of

goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, and/or Plaintiff and those similarly situated was and/or is engaged in interstate commerce for Defendant. Defendant's business activities involve those to which the Act applies. Defendant is a company that provides commercial security services to multiple locations throughout the Orlando area, and through its business activity, affects interstate commerce. Plaintiffs work for Defendant likewise affects interstate commerce. Plaintiffs were employed by Defendant as security guards.

### COUNT I: WAGE AND HOUR VIOLATION AGAINST DEFENDANT BY QAMAR LEWIS

12. Plaintiffs re-adopts each factual allegation as stated in paragraphs 1-11 above as if set out in full herein.

13. Lewis was employed by the Defendant as a security guard from January 2021, until January 2023.

14. Lewis's duties included, protecting and inspecting properties, responding to call compiling and reporting information.

15. While employed by Defendant, Lewis worked forty (40) hours per week straight time which he was compensated for and approximately eight (8) hours per week of overtime which he was not properly compensated for.

16. For each pay period, Lewis worked approximately forty-eight (48) hours a week for which he was paid $13/hour.

17. Prior to the completion of discovery and to the best of Lewis's knowledge, at the time of the filing of this complaint, Lewis's good faith estimate of his unpaid wages is as follows:

18. Overtime Wages from January 2021, through January 2023 (104 weeks)

    A. Unpaid Overtime: $13.00 x .5 x 8 x 104 = $5,408.00.

    B. Liquidated Damages: $5,408.00

    C. Grand Total: $10,816.00 plus reasonable attorney's fees and costs.

19. Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in Lewis performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act.

20. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing Lewis since the commencement of his employment with Defendant as set forth above, and Lewis is entitled to recover double damages.

21. Defendant willfully and intentionally refused to pay Lewis' overtime wages as required by the laws of the United States as set forth above and remains

owing Lewis these overtime wages since the commencement of his employment with Defendant.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, QAMAR LEWIS requests that this Honorable Court:

A. Enter judgment against Defendant on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award an equal amount in double damages/liquidated damages; and

D. Award reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

**COUNT II: WAGE AND HOUR VIOLATION AGAINT DEFENDANT BY REGINALD MARSHALL-HOWARD**

22. Plaintiffs re-adopts each factual allegation as stated in paragraphs 1-11 above as if set out in full herein.

23. Plaintiff was employed by the Defendant as a security guard from July 27, 2021, until January 26, 2023.

24. Marshall-Howard's duties included protecting and inspecting properties, responding to call compiling and reporting information.

25. While employed by Defendant, Lewis worked forty (40) hours per week straight time which he was compensated for and approximately seven (7) hours per week of overtime which he was not properly compensated for.

26. For each pay period, Marshall-Howard worked approximately forty-seven (47) hours a week for which he was paid $13/hour.

27. Prior to the completion of discovery and to the best of Marshall-Howard's knowledge, at the time of the filing of this complaint, Marshall-Howard's good faith estimate of his unpaid wages is as follows:

28. Overtime Wages from July 27, 2021, through January 26, 2023 (77weeks)

> A. Unpaid Overtime: $13.00 x.5 x 7 x 77 = $3,503.50.
>
> B. Liquidated Damages: $3,503.50
>
> C. Grand Total: $7,007.00 plus reasonable attorney's fees and costs.

29. Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in Marshall-Howard performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act.

30. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing Marshall-Howard since the commencement of his employment with Defendant as set forth above, and Marshall-Howard is entitled to recover double damages.

31. Defendant willfully and intentionally refused to pay Marshall-Howard overtime wages as required by the laws of the United States as set forth above and remains owing Marshall-Howard these overtime wages since the commencement of his employment with Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, REGINALD MARSHALL-HOWARD requests that this Honorable Court:

A. Enter judgment against Defendant on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award an equal amount in double damages/liquidated damages; and

D. Award reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

# COUNT III
# WAGE AND HOUR VIOLATION BY BOTH PLAINTIFFS AGAINST DUANE S. BROOM II

32.     Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1-31 above as if set out in full herein.

33.     At the times mentioned, Defendant Broom II was, and is now, the CEO of OPG Security, LLC. Defendant Broom II was an employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that this defendant acted directly or indirectly in the interests of OPG Security, LLC., in relation to the employees of OPG Security, including Plaintiff and others similarly situated. Defendant Broom II had operational control of OPG Security, was involved in the day-to-day functions of OPG Security, provided Plaintiffs with their work schedule, and is jointly liable for Plaintiffs' damages.

34.     Defendant Broom II is and was, at all times relevant, a person in control of OPG Security's financial affairs and can cause OPG Security, LLC., to compensate (or not to compensate) its employees in accordance with the Act.

35.     Defendant Broom willfully and intentionally caused Plaintiffs not to receive minimum wage as required by the laws of the United States as set forth above and remains owing Plaintiffs these wages since the commencement of Plaintiffs' employment with OPG Security, LLC., as set forth above.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests that this Honorable Court:

A. Enter judgment for Plaintiffs and against Defendant Broom II on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F. Plaintiffs demand a trial by jury.

## JURY DEMAND

Plaintiffs demand trial by jury of all issues so triable as of right.

Dated: September 5, 2023

                                            Respectfully submitted,

                                            **s/Brandon J. Gibson**
                                            Brandon J. Gibson (FBN: 0099411)
                                            E-mail: bgibson@rtrlaw.com
                                            RTRLAW
                                            3333 W. Commercial Blvd, Ste. 200
                                            Ft. Lauderdale, Florida 33309

Telephone: (954) 370-5152
Facsimile: (954) 370-1992
*Counsel for Plaintiff*