UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No: 23-cv-745-WWB-LHP

QAMAR LEWIS and REGINALD
MARSHALL-HOWARD

   Plaintiff,

     v.

OPG SECURITY LLC and DUANE
S. BROOM II

   Defendants,
_____/

# PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Plaintiffs, QAMAR LEWIS and REGINALD MARSHALL HOWARD ("Plaintiffs"), through the undersigned counsel, pursuant to this Court's Order [D.E. 20], file this response to the Court's Order to Show Cause why the complaint should not be dismissed for failure to timely effect service, and in support states as follows:

1. On April 24, 2023, Plaintiffs filed their initial Complaint against Defendant OPG SECURITY ("OPG") alleging violations of the overtime provision of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act"). [D.E. 1].

2. Federal Rule of Civil Procedure 4(m) provides, "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

3. Accordingly, the Defendant was to be served on, or before, July 24, 2023.[1]

4. After numerous attempts service was completed on, or about July 7, 2023, by "delivering a copy of the Summons and Complaint to: Jane Doe, a person in charge of the recipient's PRIVATE MAILBOX location at the address of 111 N. Orange Ave, Suite 800, Orlando, FL 32801." *See* Return of Service, attached hereto as exhibit A.

5. "In Florida, domestic corporations and foreign corporations qualified to do business in the state are required to designate a registered agent and a registered office." *TID Servs., Inc. v. Dass*, 65 So. 3d 1, 5–7 (Fla. Dist. Ct. App. 2010) (*citing* Fla. Stat. §§ 48.091, 607.0501, 607.1507).

6. Pursuant to the Defendants' filing with the Florida Division of Corporations' website ("Sunbiz") 111 N. Orange Ave, Suite 800, Orlando, FL

---

[1] Ninety-days from the date of the Complaint is July 23, 2023, but since it falls on a weekend the deadline is Monday, July 24, 2023

32801 is Defendant OPG's principal address and mailing address; and the location of OPG's Manager and registered agent Defendant, Duane S. Broom II. *See* OPG SECURITY LLC Sunbiz filing, attached hereto as Exhibit B.

7. However, an internet search revealed that 111 N. Orange Ave, Suite 800, Orlando, FL 32801 is a Coworking Café operated by Regus that offers office space, meeting rooms, and virtual offices.

8. Pursuant to Florida Law, because Defendants have listed the same virtual office as its mailing address, principal address, and the location of its registered agent. Plaintiff's may properly effectuate service by serving the person in charge of the private mailbox.

9. "In order to perfect service of process on [a] corporation by serving the person in charge of a mailbox store, Plaintiff must establish that certain conditions exist. Plaintiff must show (1) that the address of record of the corporation's officers, directors, registered agent and principal place of business was a private mailbox, (2) that the only address discoverable through public records for the corporation, its officers, directors, or registered agent was a private mailbox, and (3) that the process server properly determined that the corporation, or its officer, director, or registered agent maintains a mailbox at that location prior to serving the person in charge. *TID Servs., Inc. v. Dass*, 65 So. 3d 1 at 7 (*citing Cruz v. Petty Transp., LLC,* No. 6:08–

cv–498–Orl–22KRS, 2008 WL 4059828, at *1 (M.D.Fla. Aug.27, 2008); *see also Clauro Enters., Inc. v. Aragon Galiano Holdings, LLC,* 16 So.3d 1009, 1012 (Fla. 3d DCA 2009) (outlining the conditions under which service at a private mailbox under section 48.031(6) is permitted)).

10. Plaintiffs initially satisfied the first and third preconditions, but admittedly had not determined that the only address discoverable through public records for the OPG or Mr. Brown was the private mailbox, therefore had not met the second precondition.

11. On or about August 22, 2023, Plaintiff filed a motion for leave to perfect service, to remedy the deficiency. [D.E. 15].

12. In response to the Plaintiff's motion for leave to perfect service, the Court issued an Order granting leave to perfect service, and instructing Plaintiff to file proof on, or before October 6, 2023. [D.E. 15].

13. Plaintiff subsequently filed an Amended Complaint, against OPG and Mr. Broom, individually, on September 5, 2023.

14. Typically, the filing of an Amended Complaint supersedes the Complaint and renders the previous pleading moot. *See Santiago v. Jaguar Therapeutics, LLC*, No. 17-22749-CIV, 2019 WL 4731980, at *1 (S.D. Fla. Jan. 17, 2019); *see also Malowney v. Fed. Collection Deposit Grp.,* 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) (noting that "[a]n amended complaint supersedes a

4

previously filed complaint"); *see also Cordell v. Pacific Indem.*, No. 4:05CV167-RLV, 2006 WL 1935644, at *4 (N.D. Ga. July 11, 2006) (finding that, "[b]y granting the plaintiff's third motion for leave to amend his Complaint, the defendants' motion for partial summary judgment ... which was filed prior to the filing of the Second Amended Complaint is rendered moot").

15. The undersigned erroneously believed the above proposition of law applied to Rule 4(m), and failed to comply with the new deadline set by the Court, believing it was now moot as well.

16. Plaintiff, through the undersigned counsel, performed a public records search which revealed 13121 COG HILL WAY, ORLANDO, FL 32828 as a potential address for Mr. Broom, and attempted to serve Mr. Broom with Amended Complaints listing himself and OPG as Defendants.

17. However, when service was attempted at that location, on or about September 12, 2023, the current resident that she had lived there for approximately two years, and she did now know who Duane S. Broom II was. *See* Return of Non-Service, attached hereto as exhibit C.[2]

---

[2] Additionally, on, or about, September 22, 2023, the process server was able to reach Mr. Broom via telephone, and he indicated that he was out of town, but would return the following week and would meet the server upon his return. However, Mr. Broom refused to answer any subsequent calls, did not return any messages, and did not meet or provide a location for the process server at to serve the summons.

18. Because no other address was discovered in the public records search this search, and attempted service, satisfied the second prong for service at a private mailbox pursuant to § 48.031(6), Fla Stat.

19. Accordingly, service of the initial Complaint on OPG was made on July 7, 2023, and perfected on September 12, 2023.

20. Plaintiff served the Amended Complaint on OPG, pursuant to § 48.031(6), Fla Stat., on October 12, 2023. *See* Return of Service Amended Complaint, attached hereto as Exhibit D.

21. Because of knowledge of the Amended Complaint, and efforts to avoid service Plaintiff will file a motion to deem service on Mr. Broom effective if the Court allows this case to proceed. See *United States v. Sleep Med. Ctr.*, No. 3:12-CV-1080-J-39PDB, ) 2016 WL 11567785, at *3 Fn8 (M.D. Fla. Aug. 23, 2016), report and recommendation adopted sub nom. *United States ex rel. Nichols v. Sleep Med. Ctr.*, No. 3:12-CV-1080-J-39PDB, 2016 WL 11567770 (M.D. Fla. Dec. 6, 2016) *(citing N.L.R.B. v. Clark*, 468 F.2d 459, 464 (5th Cir. 1972); *Frank Keevan & Son, Inc. v. Callier Steel Pipe & Tube Co.*, 107 F.R.D. 665, 671 (S.D. Fla. 1985) ("[P]rocess servers are not entirely at the mercy of elusive defendants. A defendant who beclouds his whereabouts should not be entitled to benefit from the process server's consequent confusion. [D]ue process does not require receipt of actual notice in every case"; service is

adequate if it is in a form reasonably calculated to provide the defendant knowledge of the proceedings and an opportunity to be heard. "If the court finds that the defendant received notice of the complaint and the plaintiff made a good faith effort to serve the defendant …, then the court will most likely find that service of process has been effective. Effective service is most likely found when a defendant has engaged in deception to avoid service of process.") (internal citation omitted)

22. Plaintiffs have been diligent in their efforts to serve the Defendants, despite the efforts of Mr. Broom to avoid service. [3]

**WHEREFORE,** Plaintiff requests that this Court does not dismiss the present action and allow the case to proceed forward.


Dated: October 18, 2023.

>Respectfully submitted,
>
>**s/Brandon Gibson**
>Brandon Gibson (FBN: 99411)
>E-mail: bgibson@rtrlaw.com

---

[3] "A defendant who beclouds his whereabouts should not be entitled to benefit from the process server's consequent confusion." *United States v. Sleep Med. Ctr.*, No. 3:12-CV-1080-J-39PDB, ) 2016 WL 11567785, at *3 (M.D. Fla. Aug. 23, 2016), report and recommendation adopted sub nom. *United States ex rel. Nichols v. Sleep Med. Ctr.*, No. 3:12-CV-1080-J-39PDB, 2016 WL 11567770 (M.D. Fla. Dec. 6, 2016) *(citing N.L.R.B. v. Clark*, 468 F.2d 459, 464 (5th Cir. 1972)).

RTRLAW
3333 W. Commercial Blvd, Ste. 200
Ft. Lauderdale, Florida 33309
Telephone: (954) 370-5152
Facsimile: (954) 370-1992
*Counsel for Plaintiff(s)*

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/ **Brandon J. Gibson**

## SERVICE LIST
### QAMAR LEWIS, et al. v. OPG SECURITY LLC
### Case No.: 23-cv-745-WWB-LHP
### United States District Court, Middle District of Florida

Brandon J. Gibson
E-Mail: bgibson@rtrlaw.com
RTRLAW
3333 W. Commercial Blvd, Ste. 200
Ft. Lauderdale, Florida 33309
Telephone: (954) 370-5152
Facsimile: (954) 370-1992
*Counsel for Plaintiff*