UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

QAMAR LEWIS and REGINALD
MARSHALL-HOWARD,

        Plaintiffs,

v.                                  Case No: 6:23-cv-745-WWB-DCI

OPG SECURITY LLC and DUANE S
BROOM II,

        Defendants.

## SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 16, the Court finds it necessary to implement a schedule tailored to meet the particular circumstances of this case which, is based on the Fair Labor Standards Act (FLSA). Therefore, consistent with the just, speedy, and inexpensive administration of justice (Fed. R. Civ. P. 1), it is:

**ORDERED** that the provisions of Rule 26(a)(1) and Local Rule 3.05(a)(2) concerning the initial disclosures and filing of a case management report are hereby waived in this case. Instead, the parties shall comply with the following schedules:

    1.    On or before **December 28, 2023**, the parties shall serve upon each other (but not file) copies of the following:

<u>Plaintiff:</u>[1]    All documents in Plaintiff's possession, custody, or control that pertain to the unpaid wages claimed in the Complaint.

---

[1] If there is more than one plaintiff or defendant, the singular reference to plaintiff or defendant shall include plural.

<u>Defendant</u>: All time sheets and payroll records in Defendant's possession, custody, or control that pertain to work performed by Plaintiff during the time period for which Plaintiff claims unpaid wages.

2. On **January 18, 2024**, and no earlier, Plaintiff shall answer the Court's Interrogatories (attached to this Order) under oath or penalty of perjury, serve a copy on Defendant, and file same with the Court. On or before the **forty-fifth day** thereafter, Plaintiff shall provide Defendant with a copy of any expert report upon which Plaintiff intends to rely, consistent with the provisions of Fed. R. Civ. P. 26(a)(2).

3. In collective actions, an exchange of documents as referenced in Paragraph 1 shall occur with respect to opt-in Plaintiffs who join the action <u>prior</u> to the dissemination of a court-approved opt-in notice. This exchange of documents shall occur on or before the twenty-first day after the date an opt-in Plaintiff files his or her consent to opt-in with the Court. Each opt-in Plaintiff that appears prior to the dissemination of a court-approved opt-in notice shall file and serve his or her respective answers to the Court's Interrogatories on or before the forty-second day after the date each opt-in Plaintiff files his or her consent to opt-in with the Court.

4. After Plaintiff serves answers to the Court's Interrogatories, and no later than **February 15, 2024**, counsel for Plaintiff and Defendant shall meet and confer in person in a good faith effort to settle all pending issues, including attorney fees and costs.[2] The parties, including a representative of each corporate party with full settlement authority, shall be available by telephone during the conference to consider and approve any settlement negotiated by counsel. Counsel shall have full authority to settle, and shall set aside sufficient time for a thorough, detailed, and meaningful conference that is calculated to fully resolve the case by agreement.

---

[2] In the case of an individual party who is not represented by counsel, the individual shall comply with the provisions of this Order.

5. After the settlement conference, and no later than **March 6, 2024**, counsel shall jointly file a Report Regarding Settlement that notifies the Court whether: 1) the parties have settled the case; 2) the parties wish to engage in a formal mediation conference before a specific mediator on or before a specific date; 3) either party requests a settlement conference before the United States Magistrate Judge who upon the consent of the parties shall have the authority to approve the settlement as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues without additional filings made by the parties (*see Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982));[3] or 4) the parties have exhausted all settlement efforts and will immediately, but no later than **March 13, 2024**, file a Case Management Report signed by counsel for all parties.[4] Additionally, in the event the parties are unable to settle the case in the time provided above but wish to continue settlement discussions for a specific period of time, the parties shall file a motion requesting an extension of time to file the settlement report. The motion must state good cause for the extension of time.

6. If the parties settle the case in the time provided above, then they shall file a joint motion to approve the settlement agreement no later than 30 days after filing the Report Regarding Settlement.

7. The parties may consent to the conduct of all further proceedings in this case by the United States Magistrate Judge (consent form attached). Absent consent, the United States

---

[3] If one or more parties request a settlement conference before a United States Magistrate Judge, they shall show cause in the Report Regarding Settlement why they believe a settlement conference before a United States Magistrate Judge will be helpful in resolving all of the issues in the case.

[4] Case Management Report forms are available online at http://www.flmd.uscourts.gov, then select Judicial Information, District Judges, and, under the appropriate judge's name, Case & Trial Management Forms.

Magistrate Judge shall prepare a report and recommendation as to whether any settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores*, 679 F.2d at 1354-55.

8. Until the parties file the Case Management Report, all discovery in this case is **STAYED**, except as provided in this Order.

9. In the event that no settlement is reached pursuant to these procedures, and this Court later grants a motion permitting notice to be sent to similarly situated individuals advising them of their right to opt-in to this action, the limitations period for any person receiving notice shall be tolled during the period from the date of this Order until the parties file a Case Management Report lifting the stay on these proceedings.

10. Should the parties settle the dispute at any later time, they shall immediately advise the Court as required by Local Rule 3.08(a) and promptly submit a joint motion to approve the settlement.

11. If a settlement is reached and the parties wish to include a broad general release, a confidentiality provision, or a non-disparagement provision, the parties' joint motion to approve the settlement agreement must address how the inclusion of these provisions affects the fairness and reasonableness of the settlement. *See, e.g.*, *Bright v. Mental Health Res. Ctr., Inc.*, Case No. 3:10-cv-427-J-37TEM, 2012 WL 868804, at *4 (M.D. Fla. Mar. 14, 2012) (finding "[p]ervasive, overly broad releases have no place in settlements of most FLSA claims"); *Pariente v. CLC Resorts and Devs., Inc.*, Case No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5 (M.D. Fla. Oct. 24, 2014) (confidentiality provisions are generally rejected in FLSA settlement agreements and citing authorities); *Weldon v. Backwoods Steakhouse, Inc.*, Case No. 6:14-cv-79-Orl-37TBS, 2014 WL 4385593, at *4 (M.D. Fla. Sept. 4, 2014) (non-disparagement clauses are generally rejected in

FLSA settlement agreements and citing authority).  **Failure to address these provisions in the joint motion for approval will result in the motion being denied**.

      12.      Due to the volume of cases based on the FLSA, the Court expects strict adherence to these deadlines.  Exceptions will be granted only for compelling reasons.  Failure to comply may result in the imposition of sanctions, including but not limited to, the dismissal of the case and the striking of pleadings.

      13.      Either party, for good cause shown, may move to alter this schedule should the circumstances so warrant.

      **DONE** and **ORDERED** in Orlando, Florida on December 7, 2023.

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party

5

1. During what period of time were you employed by the Defendant?

2. Who was your immediate supervisor?

3. Did you have a regularly scheduled work period? If so, specify.

4. What was your title or position? Briefly describe your job duties.

5. What was your regular rate of pay?

6. What is the nature of your claim (check all that apply)?

    \_\_\_\_\_Off the clock work (Defendant failed to record, or prohibited you from recording, all of your working time;

    \_\_\_\_\_Misclassification (Defendant mistakenly classified you as exempt from overtime);

    \_\_\_\_\_Miscalculation (Defendant failed to correctly calculate your compensation);

    \_\_\_\_\_Other (Please describe):
    _____

    _____

7. Provide an accounting of your claim, including:

    (a) dates

    (b) regular hours worked

    (c) over-time hours worked

    (d) pay received versus pay claimed

    (e) total amount claimed

8. If you have brought this case as a collective action:

    (a) Describe the class of employees you seek to include in this action.
    (b) Has an opt-in notice been filed for every potential opt-in Plaintiff who has identified himself or herself as a person who wishes to join this action?

9. Please specify all attorney's fees and costs incurred to date.  With respect to attorney's fees, please provide the hourly rate(s) sought and the number of hours expended by each person who has billed time to this case.

10. When did you (or your attorney) first complain to your employer about alleged violations of the FLSA?

11. Was this complaint written or oral? (If a written complaint, please attach a copy).

11. Was this complaint written or oral? (If a written complaint, please attach a copy).

12. What was your employer's response?  (If a written response, please attach a copy).

_____
**Qamar Lewis**

**STATE OF FLORIDA**
COUNTY OF _____

The foregoing instrument was acknowledged before me by means of \_\_\_ physical presence or \_\_\_ online notarization, by QAMAR LEWIS, who being first duly sworn, deposes and says that he/she has read the foregoing Answers to Interrogatories, knows the contents of same, and to the best of his/her knowledge and belief, the same are true and correct.

**SWORN TO AND SUBSCRIBED** before me by means of \_\_\_ physical presence or \_\_\_ online notarization, on this _____ day of _____, 2023.

NOTARY PUBLIC

_____
**Notary Stamp**
Signature of Person Taking Acknowledgment
Print Name:
Title: Notary Public
Serial No. (if any):
Commission Expires:

AO 85 (Rev. 01/09)  Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| QAMAR LEWIS, et al. ) | |
| *Plaintiffs* ) | |
| v. ) | Civil Action No.  6:23-cv-745-WWB-DCI |
| OPG SECURITY LLC, et al. ) | |
| *Defendants* ) | |

**NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE**

*Notice of a magistrate judge's availability*.  A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment.  The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court.  A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences.  The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.*  The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

**Reference Order**

**IT IS ORDERED:**  This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____

_____
*District Judge's signature*

_____
*Printed name and title*

Note:   Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge.  Do not return this form to a judge.