UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No: 23-cv-745-WWB-DCI

REGINALD
MARSHALL-HOWARD

    Plaintiff,

v.

OPG SECURITY LLC and
DUANE S. BROOM II

    Defendants.

_____/

## THE PARTIES' JOINT MOTION FOR LEAVE TO CONDUCT SETTLEMENT CONFERENCE REMOTELY AND INCORPORATED MEMORANDUM OF LAW

Defendants OPG Security LLC and Duane S. Broom II (collectively referred to as "Defendants") and Plaintiff Reginald Marshall Howard ("Plaintiff") (collectively, the "Parties"), by and through their respective undersigned counsel, ask the Court to grant this Motion and permit the Parties to conduct the required settlement conference remotely. Per the Court's Scheduling Order (Doc. 32, at ¶ 4), the Parties are required to meet in person for a settlement conference.

The Scheduling Order permits limited exceptions. Indeed, the Order states: "Exceptions [to the Scheduling Order] will be granted only for compelling reasons." (*Id.* at ¶ 12). The Court's Order further provides that: "Either party, for

1

good cause shown, may move to alter this schedule should the circumstances so warrant." (*Id.* at ¶ 13).

"'Good cause' is a well-established legal phrase." *Larweth v. Magellan Health, Inc.*, No. 6:18-cv-823-Orl-41DCI, 2019 U.S. Dist. LEXIS 23720, at *32 (M.D. Fla. July 16, 2019). Indeed, "[a]lthough difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action." *Id.* (citation omitted). Moreover, "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (*quoting Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)).

There is good cause for the Parties to conduct the settlement conference remotely. The instant matter is a dispute concerning alleged unpaid wages. Based on the damages at issue, the cost and expense of travel by Plaintiff's counsel to attend an in-person settlement conference may affect any potential settlement value as attorneys' fees and costs will increase. Counsel affirmatively state that the settlement potential of this matter will not be impacted by conducting the settlement conference remotely. Indeed, to date, counsel for the Parties have effectively communicated remotely and worked through other issues in this matter, including the agreed dismissal of former Plaintiff Qamar Lewis.

Based on the foregoing good cause and the Court's inherent authority to manage its docket, the Parties respectfully request that the Court grant this Motion and permit counsel to conduct the settlement conference remotely.

DATED this 23rd day of January, 2024.

Respectfully submitted,

| | |
|---|---|
| */s/ Brandon J. Gibson* | */s/ Jamie L. White* |
| Brandon J. Gibson, Esq. | Jamie L. White, Esq. |
| Florida Bar No. 0099411 | Florida Bar No. 100018 |
| KELLERGIBSON, PLLC | Jordan R. Parks, Esq. |
| 3800 Inverrary Blvd, Ste. 400D | Florida Bar No. 1041275 |
| Lauderhill, Florida 33319 | SPIRE LAW, LLC |
| Telephone: (954) 237-8093 | 2752 W. State Road 426, Suite 2088 |
| Facsimile: (954) 370-1992 | Oviedo, Florida 32765 |
| bgibson@kellergibson.com | Telephone: (407) 494-0135 |
| | jamie@spirelawfirm.com |
| *Counsel for Plaintiff* | jordan@spirelawfirm.com |
| | marcela@spirelawfirm.com |
| | filings@spirelawfirm.com |
| | |
| | *Attorneys for Defendant* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of January, 2024, the foregoing was electronically filed through the CM/ECF system, which will send a notice of electronic filing to Plaintiff's counsel, Brandon J. Gibson of KELLERGIBSON, PLLC at 3800 Inverrary Blvd, Ste. 400D, Lauderhill, Florida 33319 at bgibson@kellergibson.com.

> */s/ Jamie White*
> Attorney