UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

QAMAR LEWIS and REGINALD
MARSHALL-HOWARD,

                  Plaintiffs,

v.                                                                Case No: 6:23-cv-745-WWB-DCI

OPG SECURITY LLC and DUANE S
BROOM II,
                  Defendants.
_____

ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Joint Motion for Approval of Settlement and Dismissal with Prejudice (Doc. 49)** |
| **FILED:** | **March 6, 2024** |
| **THEREON** it is **ORDERED** that the motion is **GRANTED**. | |

This is an FLSA case. *See generally* 29 U.S.C. §§ 201 to 209. On two occasions, the Plaintiff Qamar Lewis attempted to dismiss his claims with prejudice by filing a joint stipulation of dismissal, but the Court struck those stipulations. Docs. 40; 43; 44; 45. In the last of these, Lewis stipulated that:

> Plaintiff Qamar Lewis has reviewed the records and his potential for a FLSA claim. Plaintiff Lewis has decided not to proceed with a FLSA claim now or in the future. There is no dispute. There is no compromise. There is no side-agreement. There is no settlement. Simply, based on Plaintiff Lewis' decision not to proceed with a FLSA claim, the Parties agreed to file this amended stipulation, asking the Court to dismiss with prejudice Qamar Lewis's claims ONLY, with each party to bear his or its own costs and attorneys' fees.

Doc. 44.  In striking that joint stipulation, the Court ordered that:

> the parties shall file: (1) a motion pursuant to Federal Rule of Civil Procedure 41(a)(2), which includes all relevant documents and legal argument as to why the parties require dismissal to be with prejudice; (2) an appropriate stipulation or notice of voluntary dismissal without prejudice (in which case any underlying settlement agreement will be legally unenforceable); or (3) a report as to the status of any pending settlement agreement or further litigation in this case.

Doc. 45 at 2.  Thereafter, Lewis and Defendants filed a Joint Status Report in which they explained that they were "working on possible settlement documents to comply with this Court's Order." Doc. 46.

On March 6, 2024, Lewis and Defendants filed a "Joint Motion for Approval of Settlement and Dismissal with Prejudice," in which they request both approval of their settlement agreement and dismissal of Lewis's claims with prejudice.  (Doc. 49, the Motion).  In the Motion, Lewis and Defendants describe Lewis's claim as "meritless" and assert that their agreement, at core, involves Lewis agreeing to the dismissal of his meritless claim and a general release in exchange for Defendants not pursuing prevailing party costs under Federal Rule of Civil Procedure 54.  *See* Doc. 49 at 6-7 ("In light of Plaintiff Lewis' decision to forego his meritless claim and Plaintiff Lewis' desire to avoid an award of Defendants' prevailing party costs, the settlement terms represent a fair and equitable resolution of this matter.").  Lewis and Defendants attach to the Motion their settlement agreement, dated March 5, 2024.  Doc. 49 at 9-11.

On March 6, 2024, the parties also consented to the jurisdiction of the undersigned United States Magistrate Judge for purposes of considering the Motion and, thus, granting the relief requested therein.  Doc. 50.  The presiding District Judge approved that consent.  Doc. 51.

Where the proposed settlement involves a compromise of a plaintiff's claims, it is incumbent on the court to review the reasonableness of the proposed settlement.  *See Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982).  Even in cases in which the

parties represent that there has been no compromise of the wage claim, courts must review the settlement agreement to ensure that there are no terms in the agreement that constitute a compromise and, if there are, whether the agreement is reasonable. Here, there appears to be no compromise of an FLSA claims because Lewis asserts—for the first time—that his claim is "meritless" and, as such, he has no claim to compromise. This assertion is different than Lewis's previous stipulation that he simply decided not to proceed, though not necessarily inconsistent. *See* Doc. 44. Indeed, as the Court noted previously, there was no basis to dismiss Lewis's FLSA claim **with** prejudice because of Lewis's "decision not to proceed with a FLSA claim." *Id*.

However, now, having reviewed the Motion and the agreement, the Court finds that the settlement is fair and reasonable, even assuming review is necessary at this stage.[1] Further, though a general release is not usually permitted in an FLSA settlement, this case involves significant, additional, and separate consideration for that release, i.e., the agreement of Defendants not to pursue costs in relation to Lewis's admittedly meritless claim. Accordingly, the Court finds that the release does not affect the reasonableness of the settlement of the Lewis's FLSA claims.

It is, therefore **ORDERED** that the Motion (Doc. 49) is **GRANTED**. The settlement is **APPROVED** and Plaintiff Qamar Lewis's FLSA claims against Defendants are **DISMISSED with prejudice**.

**ORDERED** in Orlando, Florida on March 8, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court is cognizant of the difficulty of this process. Is it required that the parties enter into a settlement agreement and have that agreement reviewed by the Court in order to dismiss with prejudice an FLSA claim that everyone agrees should not have been brought in the first place because it is meritless? But the Court need not address that question here because there is a settlement agreement, and the Court finds that it is fair and reasonable.